

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ML:RAS/MAA

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 22, 2021

By Email

The Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ali Alaheri
                Docket No. 21-MJ-624

Dear Judge Scanlon:

      The defendant Ali Alaheri is scheduled to appear before the Court today for an arraignment on a complaint. As set forth below, the defendant has been charged by complaint with arson, in violation of 18 U.S.C. § 844(i). The charged offense arises from the defendant's actions on May 19, 2021, when he piled garbage bags along the door of a Yeshiva in Brooklyn and set them on fire. Because there are no conditions or combination of conditions that reasonably will safeguard the community or assure the defendant's appearance, the government respectfully submits that the Court should enter a permanent order of detention pending trial.

I.      Statement of Facts

      In the early morning hours of May 19, 2021, the defendant meticulously lined up piles of garbage bags against the door of a Yeshiva, or a Jewish school, and a synagogue in Brooklyn. He then set them on fire. It is clear from the manner in which the defendant placed the bags in a line against the Yeshiva's door that he intended the fire to damage or destroy the Yeshiva. The Fire Department of New York City was alerted to a fire at the building, responded and put out the fire.

      Just hours after starting the fire at the Yeshiva, the defendant approached a Jewish man dressed in traditional Hasidic clothing sitting outside of an autobody shop on the same block as the Yeshiva. With no provocation or prior interaction, the defendant began punching the victim in the head repeatedly. He took the victim's cellular telephone, but subsequently dropped it. As set forth in detail in the Complaint, video footage captured from

surveillance video in the vicinity of the Yeshiva provides clear evidence that the defendant is the person who started the fire and committed the assault.

Evidence obtained by law enforcement shows that this is not the first time the defendant has engaged in unprovoked violent conduct.  In an incident in a New York City subway station on or about May 5, 2021, an individual began punching a Black man, as the victim was standing in a mezzanine in the subway station.  This assault was again unprovoked and occurred without any apparent prior interaction between the victim and the defendant.  The assault was captured on surveillance video on which the individual can be seen wearing the same gray sweatshirt that the defendant was wearing at the time of his arrest with the hood over his head and a mask over his face.  At one point during the attack, the assailant's hood and mask fell and his face became visible to the camera.  Law enforcement recognized him as the defendant.

Evidence obtained by law enforcement also suggests that this is not the first time the defendant set fire to and defaced a religious institution.  On or about May 13, 2021, at approximately 10:00 p.m., law enforcement received 911 calls reporting a male wearing "khaki pants" and a "silver hoodie," carrying a hammer and trying to steal a bicycle.  On or about May 14, 2021, shortly after midnight and a short walk from where the perpetrator had attempted to steal the bicycle, an individual wearing khaki pants and a gray hooded sweatshirt, with a hammer in his back pocket, set fire to an American flag outside of a Catholic church.  This incident is captured on surveillance video and the clothes worn by that person appear to match the clothes worn by the defendant in some of the surveillance video relating to the charged incident.  The perpetrator can be seen on the video walking in the direction of a cross and a statue of Jesus Christ, which is outside the view of the camera.  As the defendant walks out of the camera's view in the direction of the cross and statue, a light shuts off in that same direction.  At approximately 2:30 a.m., that same person can be seen walking in the vicinity of the church carrying a hammer over his shoulder.  The following morning the cross and statue were found knocked over.  Later in the day, another statue of Jesus Christ was found defaced with two marks that appear to be consistent with marks made by the back claw portion of a hammer.   Based on the perpetrator's general build, clothing and the attempted theft of the bicycle, which is similar conduct to the defendant's theft of a bicycle on May 19, 2021, there is evidence that the defendant was the individual who set fire to and defaced this church.

II.     Legal Standard

Under the Bail Reform Act, Title 18, United States Code, Sections 3141, et seq. (the "Act"), federal courts "shall" order a defendant's detention pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(e).  A finding of dangerousness must be supported by clear and convincing evidence and a finding of risk of flight must be supported by a preponderance of the evidence.  See United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

The factors to be considered in determining whether the applicable standard has been met include:

> (1) "the nature and circumstances of the offense charged";
>
> (2) "the weight of the evidence against the person";
>
> (3) "the history and characteristics of the person, including . . . the person's character [and] . . . past conduct"; and
>
> (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

18 U.S.C. § 3142(g).

III.   The Defendant Should Be Detained

Each of the Section 3142(g) factors weigh in favor of detention. First, the nature and circumstances of the charged offense are serious. The defendant acted in a calculated manner, carefully lining up garbage bags along the doorway of the Yeshiva and lighting them on fire in an apparent attempt to make sure the entire line of garbage bags caught fire.

Second, the weight of the evidence in this case is strong. The defendant's conduct is captured on surveillance videos. During portions of those videos the defendant's face is visible. Moreover, he was arrested wearing what appears to be the same clothing he was wearing in the surveillance videos, and he was in possession of a bicycle that the perpetrator stole, which theft is also captured by surveillance videos and photographs.

Third, the defendant's history and characteristics demonstrate that he poses a danger to the community. As detailed above, the defendant has exhibited a disturbing pattern of unprovoked assaults and arsons. This includes, within just the past few weeks, an assault on a Jewish man that took place just hours after the defendant set fire to the Yeshiva, an assault on a Black man and an arson at a Catholic church. It is clear from this pattern of unpredictable violence that the defendant poses a serious danger to the community.

Finally, the defendant poses a risk of flight. The defendant faces a mandatory minimum of five years' incarceration and a possibility of twenty years' incarceration and thus is highly motivated to flee the jurisdiction.

IV.     Conclusion

        For the reasons set forth above, the government respectfully submits that the defendant should be detained.

Respectfully submitted,

MARK J. LESKO  
Acting United States Attorney

By:     /s/ Meredith A. Arfa  
       Meredith A. Arfa  
       Assistant U.S. Attorney  
       (718) 254-6025

cc:     Clerk of Court (by ECF and email)  
       Defense Counsel (by email)

4